IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON ALMGREN, et al., | No. C 16-2611 CW |
| Plaintiffs, | ORDER DISMISSING PLAINTIFFS' STATE LAW CLAIMS AGAINST DEFENDANT WILLIAM SHULTZ |
| v. | |
| WILLIAM SHULTZ, et al., | |
| Defendants. | |

Plaintiffs Jon Almgren and Melissa Almgren move for default judgment against Defendant William Shultz. They ask the Court to retain jurisdiction over their state law claims against him. Docket No. 33. Defendant William Shultz defaulted. Docket No. 22. Having considered the papers filed by Plaintiffs, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismisses them without prejudice to re-filing them in state court.

BACKGROUND

This case arises from the tragic death of nine-year-old Jordon Almgren on April 26, 2015 at the hands of Defendant William Shultz. The Court has previously summarized the facts of the case. Docket No. 19.

On May 13, 2016, the Almgrens filed this suit as individuals and as successors-in-interest and personal representatives of the estate of their son, Jordon Almgren, against William and Katherine Shultz, Contra Costa County, Contra Costa Health Services, Contra Costa County Office of the Sheriff, and Contra Costa County

Sheriff's Deputy Miguel Aguilera.  Docket No. 1.  On July 18, 2016, the Court dismissed Plaintiffs' claims against the last four Defendants listed, referred to as County Defendants, with leave to amend within fourteen days, Docket No. 19, and ordered Plaintiffs to request entry of default against William and Katherine Shultz, Docket No. 18.  On July 27, 2016, Plaintiffs and County Defendants entered a stipulated dismissal of the claims against County Defendants.  Docket No. 23.  As a result, only state law claims against individual Defendants William and Katherine Shultz remained.

On August 1, 2016, Defendant Katherine Shultz filed her answer to Plaintiffs' complaint.  Docket No. 24.  On August 2, 2016, the Court ordered Plaintiffs to demonstrate the Court's jurisdiction over their claims against Katherine Shultz.  Docket No. 25.  On August 12, 2016, the Court dismissed the claims against Katherine Shultz without prejudice.  Docket No. 27.

On July 28, 2016, the Clerk entered default as to Defendant William Shultz.  Docket No. 22.  On August 16, 2016, the Court ordered Plaintiffs to move for default judgment against William Shultz and to demonstrate the Court's jurisdiction over their claims against him.  Docket No. 28.

## LEGAL STANDARD

A district court must exercise supplemental jurisdiction over all non-federal claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction when "the district

2

court has dismissed all the claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (district court's discretion to decline to exercise supplemental jurisdiction is triggered by any one of the conditions in § 1367(c)).

The Court's "discretion to decline to exercise supplemental jurisdiction over state law claims . . . is informed by the [United Mine Workers v. Gibbs, 383 U.S. 715 (1966)] values of 'economy, convenience, fairness, and comity.'" Acri, 114 F.3d at 1001. Following Supreme Court precedent, the Ninth Circuit has repeatedly held that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 1001 (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988)). As a result, in such a case state law claims generally should be dismissed, although dismissal is not required. Id. at 1000 (citing Gibbs, 383 U.S. at 726); Carnegie-Mellon, 48 U.S. at 350.

## DISCUSSION

Because jurisdiction is a threshold matter, Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998), the Court considers first the issue of supplemental jurisdiction over Plaintiffs' state law claims. Because the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, it does not reach Plaintiffs' motion for default judgment.

Because Plaintiffs' four federal claims have been dismissed and Plaintiffs have not alleged any federal claims against the

3

sole remaining Defendant, the Court has discretion to decide whether to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  The Court's discretion is guided by the <u>Gibbs</u> factors of economy, convenience, fairness and comity.

Plaintiffs urge the Court to retain supplemental jurisdiction over their wrongful death and intentional infliction of emotional distress claims in order to enter default judgment and hold a hearing on the amount of damages.  Plaintiffs argue that these final proceedings are not complex, and that declining jurisdiction would force Plaintiffs to expend additional resources to sue William Shultz in state court.

The Court finds that the <u>Gibbs</u> factors weigh against exercising supplemental jurisdiction over Plaintiffs' remaining state law claims.  The case is not close to trial.  It has been before the Court a relatively short time--approximately four months--and has not required complex motion practice or any discovery.  The burden on a state court to familiarize itself with the facts and history of this case would not be great.  Plaintiffs will not be materially harmed by any delay in their potential relief because Plaintiffs acknowledge that William Schultz is incapable of paying monetary damages at any point in the foreseeable future.  Pl.'s Mot. for Default Judgment at 8.

Because only state law claims remain, comity strongly favors dismissal.  Furthermore, the determination of Plaintiffs' damages under state law is not necessarily simple, even assuming Plaintiffs' evidence goes uncontested, and would best be decided by a state court with a "surer-footed reading of applicable law." <u>Gibbs</u>, 383 U.S. at 726.

4

Finally, the Ninth Circuit has repeatedly upheld district courts' exercise of discretion to decline supplemental jurisdiction over remaining state claims after federal claims had been dismissed. See, e.g., Coomes v. Edmonds School Dist. No. 15, 816 F.3d 1255, 1265 (9th Cir. 2016) (affirming district court's summary judgment for defendants on federal claim and directing court on remand to "first consider whether to continue to exercise its supplemental jurisdiction" before considering remaining state law claim); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting Carnegie-Mellon, 484 U.S. at 350 n.7).

Accordingly, the Court concludes that the balance of factors tips against retaining the state law claims and dismisses these claims without prejudice to re-filing in state court.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion is DENIED. Plaintiffs' state law claims against Defendant William Shultz are dismissed without prejudice to re-filing in state court.

IT IS SO ORDERED.

Dated: October 5, 2016

CLAUDIA WILKEN
United States District Judge